COURT OF APPEALS OF WEST VIRGINIA.     763

Jan'y Term,            Bradford vs. The State.            1870.

# Wheeling.

## WILLIAM T. BRADFORD vs. THE STATE.

### January Term, 1870.

1. A plea in abatement to any indictment, arising under section 5, act of November, 1863, page 109, is not to be allowed for any objection to any grand juror.

2. The act of February 19th, 1867, cannot be construed to prescribe a qualification to grand jurors.

3. The act of February 19th, 1867, prescribes qualifications of the same character as the act of November, 1863, and they must be construed together as one act.

4. A demurrer to a plea in abatement, is properly sustained under the act of November, 1863.

William T. Bradford was indicted in the circuit court of Wetzel county, on the 15th day of March, 1869, for retailing ardent spirits without a license therefor. On the 18th day of March, 1869, the defendant filed a plea in abatement to the indictment, and each count thereof, alleging that one of the grand jurors who found the indictment, was disqualified from acting as such, from not being a registered voter of said county at the time of finding the indictment, to which plea the attorney for the State demurred, which demurrer was sustained; whereupon the defendant pleaded not guilty, and the case was continued until the next term.

On the 16th day of July, 1869, being the next term of the circuit court, a trial was had upon the plea of not guilty, when the jury found the defendant guilty, and assessed his fine at 36 dollars and 66 cents, together with the costs of the prosecution.

To the ruling of the court below overruling the plea in abatement, the defendant excepted, and the case is brought to this court on a writ of error.

Hon. Chapman J. Stuart, judge of the circuit court of Wetzel county, presided on the trial of the case.

*Davenport* for the plaintiff in error.
*Attorney-General Caldwell* for the State.

MAXWELL, J.   Bradford was indicted in the circuit court of Wetzel county, for selling at retail spirituous liquors without a license, and was afterwards convicted of the offence charged.

After the indictment was found, and before the defendant pleaded not guilty, he filed a plea in abatement, alleging that Taylor, one of the grand jurors who found the indictment, was not, at the time the indictment was found, a registered voter of the county of Wetzel, and for that reason was not a qualified grand juror.   There was a demurrer to the plea, and demurrer sustained and the plea held bad by the court, and this is the cause of error assigned in this court by Bradford.

By the fifth section of the act of November, 1863, p. 109, acts of 1863, a qualification theretofore unknown to the laws of the State, was prescribed for grand jurors.   It was, that they should be persons of known loyalty to the State and the United States, and who had not done certain acts specified in said section.   The concluding sentence of said section provides: "No plea in abatement to any indictment shall be allowed for any objection to any grand juror arising under this section."   It is insisted, however, that this section is superseded or repealed by the act of February 19th, 1867, p. 44, acts of 1867, entitled, "An act in relation to juries."

There are two answers to this position.   The first is, that the act of February 19th, 1867, cannot be construed to prescribe a qualification for grand jurors.   The next is, that if it could be construed to apply to the qualifications of grand

jurors, the qualifications are of the same character as the qualifications prescribed by the act of 1863, and the acts being *in pari materia*, would have to be construed together as one act. *B. and O. Railroad Company* v. *Wilson*, 2 W. Va. Rep., 528.

There is nothing in the act of 1867, if it be held to apply to grand jurors, inconsistent with the concluding sentence of the 5th section of the act of 1863, as before quoted.

The demurrer to the plea in abatement was, therefore, properly sustained, and the judgment complained of will have to be affirmed, with damages and costs to the defendant in error.

The other Judges concurred.

JUDGMENT AFFIRMED.